# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF
## MICHIGAN SOUTHERN DIVISION

| | | |
|---|---|---|
| KEVIN A. GARY | ) | Case No. 2:17-cv-10544-GAD-EAS |
| | ) | |
| Plaintiff, | ) | Honorable Gershwin A. Drain |
| | ) | Magistrate Judge Elizabeth A. Stafford |
| v. | ) | |
| | ) | |
| TRUEBLUE, INC.,d/b/a/ | ) | |
| LABOR READY, INC., d/b/a/ | ) | |
| PEOPLEREADY, INC | ) | |

## PLAINTIFF'S REPLY BRIEF TO DOCKET #23 DECLARATION OF JACOB L. KARCZEWSKI

## I. INTRODUCTION

Plaintiff, Kevin A. Gary, Pro se, now replies to docket #23 (Declaration of Jacob L. Karczewski), for not properly following the Fed. R. Civ. and Local Rules of this Court.  According to the local rules 7.1 (b)(c), all responses to any motion **must** (emphasis added) contain a brief.  The document filed by the Defendant is a blatant disregard for the rules set forth by the Fed. R. Civ. A party opposing any motion must make a significant showing of prejudice. Prater v. Ohio Educ. Ass'n, 505 F.3d 437, 445 (6th Cir. 2007). The record clearly reflects that no prejudice exist to the Defendants.

Defendant's declaration is brought in bad faith, because the only plausible rationale for any delay . . . is to further delay litigation, and to avoid dispositive motion practice.  *Blumberg v Ambrose et al, E.D. Mich, No. 13-cv-15042 (2015)* Defendant's response is an attempt to delay resolution of the Plaintiffs pending Summary Judgment Motion.  Such a delay is completely unwarranted, and the Plaintiff strongly urges the Court to proceed with the normal Fed. R. Civ. P. and the local rules of this Court.

## II. RELEVENT BACKGROUND

On April 2nd, 2018 Plaintiff sent Defendants Counsel Request for Interrogatories, Productions, and Admissions.  The discovery was first incorrectly filed in Court and stricken, then sent to the Plaintiff by mail.  The Court should note….Defendant has filed several documents in error of the Court, on February 6th and April 2nd.

Defendant's requests for discovery productions was sent timely to the Defendant on April 5th 2018, at the appropriate counsels address.  These requests for productions of documents, were overly broad and unduly burdensome, not likely to lead to discovery of admissible information, improperly imposed for the sole purpose of harassment, and had nothing to do with the facts of the case.

On April 12th a person claiming to be counsel in the case (Jacob L. Karczewski) contacted Plaintiff by email, and requested that Plaintiff courtesy copy him anything sent to the counsel of record.  Defense Declaration, Exhibit A, p 7 This email was not sent to the counsel of record, but this person contacted Plaintiff directly.  Plaintiff kindly informed this person that if he wanted to get something from the Plaintiff, that he needed to go thru the counsel of record, and to please not contact him anymore.  Defendants, Decl, Exh A, p 7

On April 12th, this person still contacted the Plaintiff inquiring about deposition dates.  To this date, Plaintiff has not been given a **Fed. R. Civ. 30 (Notice of Deposition)** as required by the Fed. R. Civ.  Additionally, the counsel of record (Scott W. Kramer) has never contacted the Plaintiff regarding any depositions at any time.

On April 14, 2018, Plaintiff properly moved the Court for summary judgement with supporting brief.  (Dkt 20, 21)  The exhibits used in Plaintiff brief, specifically… Dkt 21-Exhibit C- (revoked consent), Dkt 21-Exhibit G, (letter from Defendants), and Dkt 21-Exhibit D, come from the discovery sent by the Defendants to Plaintiff on April 2nd.  The Defendants improperly filed docket #23, pursuant to Fed R. Civ. P. 56(d), stating that they need more time to conduct some ill-advised form of a deposition with the Plaintiff.

3

Fed R. Civ. P. 56(d) is only proper, if some relevant facts are unavailable to the non-movant. *Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).* The reference in Dockett 23, p 4 is a blatant disingenuous statement by the Defendants.  Citing…*In this case when and how Mr. Gary's provided and/or withdrew consent to receive messages is a crucial fact.*  The facts that surround this statement come from the Defendants own production of documents, and this weak attempt to stall and delay is inappropriate in this Court or any Federal Court.

Plaintiffs pending Summary Judgment Motion is suitable for ruling and any delay is completely unwarranted.  If Defendants cannot timely respond or oppose the summary judgment motion, then Plaintiff summary judgment should be granted in favor of the Plaintiff.

### III. ARGUMENT

### *1. Summary Judgment Standard*

Summary judgment is appropriate where **"there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law"** Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial" *Vaughn v. Lawrenceburg*

*Power Sys., 269 F.3d 703, 710 (6ᵗʰ Cir. 2001)*  Once the moving party has satisfied its responsibility, the burden shifts to the nonmovant to show the existence of a genuine issue of material fact. *Id.*  If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which they have the burden of proof, the moving party is entitled to summary judgment *Id.*

Only disputes involving material facts are relevant.  *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).*  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. see… *Chicago Title Ins. Corp. v. Magnunson, 487 F.3d 985, 995 (6th Cir. 2007).*  In order to demonstrate a genuine issue of material fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).*  Moreover, if a party fails to plead sufficient facts to establish an element of its claim, no genuine issue material fact exists. *Chicago Title Ins., 487 F.3d at 995; Guarino v. Brookfield Twp. Trs., 980 F.2d 399, 404 (6th Cir. 1992).*  If the nonmoving party is unable to provide evidence substantial enough for a factfinder to rely upon at trial which shows that a genuine issue exists

as to a material fact, the motion must be granted. Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 249-250.

## 2. Telephone Consumer Protection Act, 47 U.S.C. § 227et seq

The three elements of a Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, claim are (1) the defendant called a cellular telephone number, (2) using an automatic telephone dialing system, (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1). The Defendants in this case cannot point to any relevant facts of the record, which would dispute Plaintiffs Statement Of Undisputed Material Facts (SUMF) (Dkt 21-Exhibit A) or any element that dispute TCPA violations.

The Federal Communications Commission (FCC) has ruled that a person has a right to revoke consent of any unwanted calls/messages – and companies cannot dictate how they do so. Further…the Order clarifies that a person may revoke consent through any reasonable method, including orally. Citing…*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Declaratory Ruling and Order, FCC Rcd 7993- 7998, (2015)*; *Osorio v. State Farm Bank, FSB;' 746 F.3d 1242 (11th Cir. 2014)*

The uncontroverted record clearly demonstrates that Defendants own records reflect that Plaintiff did not want to be contacted by text messages on his

cellphone.  Dkt 21-G 1,2  Further that, Plaintiff revoked consent on numerous

occasions and even went into the local offices to do so.  Dkt 21-Exhibit C

## IV. CONCLUSION

According to the Local Rules of this Court 7.1 (b)(c), all responses to any motion

must contain a brief.  Defendant cannot point to anything in the **record** to support

its declaration.  Defendant's response is an attempt to delay resolution of the

Plaintiffs pending Summary Judgment Motion.  Such a delay is completely

unwarranted, and the Plaintiff strongly urges the Court to proceed with the normal

Fed. R. Civ. P. and the local rules of the Court.

If Defendants cannot timely respond or oppose Plaintiffs summary judgment

motion, then Plaintiff summary judgment should be granted in favor of the

Plaintiff.  For the reasons stated above, this Court should not extend any more time

to Defendants feeble attempt at delaying this case.

Date:  April 27, 2018                                    Respectfully submitted

                                                  /s/Kevin A. Gary
                                                     3210 Hogarth
                                                   Detroit, MI 48206
                                                  kagary14@hotmail.com
                                                   Ph:  248-703-5173

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2018, I electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the Defendant's Counsel listed below:

**KUIPER ORLEBEKE PC**

**Scott W. Kraemer**

**180 Monroe Avenue, NW, Ste 400**

**Grand Rapids, MI, 49503**

**Phone: 616-454-3700**

**COUNSEL FOR DEFENDANT TRUE BLUE, INC et al.,**

Plaintiff, Pro-Se