UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
MICHIGAN SOUTHERN DIVISION

| | | |
|---|---|---|
| KEVIN A. GARY | ) | Case No. 2:17-cv-10544-GAD-EAS |
| | ) | |
| Plaintiff, | ) | Honorable Gershwin A. Drain |
| | ) | Magistrate Judge Elizabeth A. Stafford |
| v. | ) | |
| | ) | |
| TRUEBLUE, INC.,d/b/a/ | ) | |
| LABOR READY, INC., d/b/a/ | ) | |
| PEOPLEREADY, INC | ) | |

**PLAINTIFF'S REPLY BRIEF ON MOTION TO ADJOURN**
**DKT #27 and #28**

Plaintiff, Kevin A. Gary, Pro se, Reply Brief to Motion to Adjourn Dkt 27 and 28. The latest filings by Defendants are equally far reaching as Dkt #23, #25…as no factual controversy exist. Defendant's responses are an attempt to delay resolution of the Plaintiffs pending Summary Judgment Motion. Such a delay is completely unwarranted, and the Plaintiff strongly urges the Court to proceed with the normal Fed. R. Civ. P. and the Local Rules of this Court.

### I.  RELEVANT BACKGROUND

On November 17, 2017 Plaintiff was contacted by a person not admitted (Jacob L. Karczewski) to practice in the Eastern District of Michigan. The alleged

attorney sent an email with some very personal and unprofessional attacks on Plaintiff and **threatened** Plaintiff with sanctions if Plaintiff didn't drop his lawsuit. (Exhibit B)

On April 2nd, 2018 Plaintiff sent Defendants Counsel Request for Interrogatories, Productions, and Admissions. The discovery was responded by Defendants in a timely manner.

Defendant's requests for discovery of productions were sent timely to the Defendant on April 5th 2018. These requests for productions of documents, were overly broad and improperly imposed for the sole purpose of harassment, and had nothing to do with the facts of the case.

On April 12th 2018 this same person (Jacob L. Karczewski) contacted Plaintiff again directly without notifying local counsel inquiring about a deposition. (Exhibit B-2) Plaintiff informed this person about L.R. 83.20(i)(1), who he needed to contact, and Plaintiff would rather not deal with an unprofessional person who in the past attacked him personally. At no time did Scott Kramer, the attorney of record contact Plaintiff about wanting to take a deposition (Exhibit B-2).

On April 14, 2018, Plaintiff properly moved the Court for summary judgement with supporting brief. (Dkt 20, 21)

On April 19th Plaintiff received an email from the counsel of record requesting an extension of time to respond to Plaintiffs summary judgment. Which Plaintiff did not agree to!  (Exhibit B-4)

On April 26th 2018 The Defendants improperly filed docket #23, pursuant to Fed R. Civ. P. 56(d), stating that they need more time to conduct some ill-advised form of a deposition with the Plaintiff. On this same date, 12 days later, Defendants claim to have sent out a notice of deposition that Plaintiff received on May 4th 2018. Exhibit C, Gary Dec ¶ 3

On April 27th Plaintiff responded to docket #23 with a timely response (Dkt #24). Stating in pertinent part, Plaintiff did not receive a **Fed. R. Civ. 30 (Notice of Deposition)** as required by the Fed. R. Civ.  Additionally, the counsel of record (Scott W. Kramer) has never in "good faith" tried to contact Plaintiff thru email, phone call or any other means to discuss a deposition.

On May 1, 2018 the Defendants filed Dkt # 25 asking the Court for a motion to adjourn the June 4th hearing on Plaintiff summary judgment motion.

On May 3, 2018 Plaintiff timely responded to the Dkt # 25 by filing Dkt #26. On May 4th 2018 the Defendants filed Dkt # 27 and Dkt #28, with a declaration from an employee and reciting the same arguments as Dkt #23, and Dkt 25.

3

Plaintiff received a notice of deposition on May 4th, 2018…9 days later after the Defendant allegedly mailed the notice. (Exhibit D) The letter was a pre-paid envelope that was delivered to Plaintiffs mailbox in Detroit.

On May 5th 2018, Plaintiff visited the U.S. Postal Office and talked with the supervisor Mrs Spindel about the suspicious non-post marked envelope. (Exhibit D) Quoting Mrs. Spindel from the U.S. Postal Service:

99% of the time prepaid envelopes are stamped from the U.S. Postal service, and very rarely does the post office not stamp a letter. She further stated, that its very strange to receive a letter from grand rapids to Detroit in 9 days". Declaration, Exhibit C, Dec Gary ¶ 4

These motions by the Defendants referring to Rule 56(d) do not even proffer what facts that Defendant is seeking to conduct in a deposition. Unless Defendant can point to some material facts against summary judgment, it is proper for this Court (1) examine the record to ensure that no facts are left out; (2) rule on Plaintiffs motion for summary judgment. *F.T.C. v. E.M.A. Nationwide, Inc., et al., No. 1:12–cv–2394, 2013 WL 4545143, at \*1 (N.D. Ohio Aug. 27, 2013).*

The court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. Anderson v. Liberty Lobby, Inc., 477 U.S . 249, 252 (1986) Rather, "[t]he inquiry on a summary judgment motion. . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a

4

[trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" Street, 886 F.2d at 1479 (quoting Anderson, 477U.S. at 251 -52).

The repeated duplicative tactics fraught with bad faith do nothing but crowd the docket and attempt to prolong this litigation. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975)*

For this reason, the Defendants requests for extension of time and motion to adjourn should be denied, and the Court should proceed with the June 4th hearing on Plaintiffs Summary Judgment motion.

## II. CIVILTY PRINCIPLES

Every Attorney that practices in the Eastern District of Michigan has sworn to the Civility Principles, Administrative Order N. 08-A0-009 Oct, 1993 The actions by the Defendants counsel goes against the Fed R. Civ. P. as well as the Local Rules of this Court.  At no time, did the Attorney of record contact the Plaintiff about a discovery dispute, and… has never in "good faith" tried to contact Plaintiff thru email, phone call or any other means to discuss a deposition.     "Specifically rule ¶14 states that: *"We will consult other counsel regarding scheduling matters in a good-faith effort to avoid scheduling conflicts.  Citing…¶ 13 We will not request an extension of time solely for the purpose of unjustified delay or to obtain tactical advantage.  C*iting…*¶ 19 We will take depositions only when actually*

*needed to ascertain facts or information or to perpetuate testimony. We will not take depositions for the purposes of harassment or to increase litigation expenses.*

These oaths sworn to by every officer, judge, and bar member of the Court are not adhered to concerning this matter. Every action that the Defendants have taken, go against the spirit of the Local Rules as well as the Fed. R. Civ. P.

Counsel has not in "good faith" tried to contact the Plaintiff thru email, phone call or any other reasonable means to discuss a deposition. For this reason, the Defendants requests for extension of time and motion to adjourn should be denied, and the Court should proceed with the June 4th hearing on Plaintiffs Summary Judgment motion.

The Plaintiffs case against the Defendants is so one-sided, it must prevail as a "matter of law". *Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003)* There is no need for a trial, depositions, or any other undue delaying antics proffered by the Defendants. It is obvious that the latest motions (Dkt 27, 28) by the Defendants, is not made in good faith, but rather is a "last-ditch" effort to avoid Plaintiffs summary judgment motion.

For these reasons, as explained below, the Defendants requests for extension of time and motion to adjourn should be denied, and the Court should proceed with the June 4th hearing on Plaintiffs Summary Judgment motion.

### III. LAW AND ARGUMENT

*A. Legal Standard*

A party opposing a summary judgment motion "must come forward with specific facts showing that there is a genuine issue for trial." *Kramer v. Bachan Aerospace Corp., 912 F.2d 151, 153 (6th Cir. 1990)* Defendants refuse to address the merits of the Plaintiffs claims, so Defendants have abandoned them. *Cunningham v. Tennessee Cancer Specialists, PLLC, 957 F.Supp.2d 899, 921 (E.D. Tenn. July 12, 2013)* Citing…*Dage v. Time Warner Cable, 395 F.Supp.2d 668, 679 (S.D. Ohio 2005)* (A party abandoned a claim by failing to address it in response to summary judgment motion).

*B. Untimely Notice of Deposition*

On May 4th 2018, Plaintiff received a notice of deposition for a scheduled date of May 11th 2018. The envelope that Plaintiff received did not have a post-mark from the post office nor did it contain a certified mailing identification. This is simply not "reasonable written notice" as required by Rule 30(b)(1). Defendants

have not in "good faith" contacted the Plaintiff by email, phone call, or any other reasonable means to discuss a deposition date.

Pursuant to Federal Rules 26 and 30, Plaintiff respectfully request that the Court issue a protective order (Exhibit A) prohibiting Defendants from pursing Rule 30(b)(6) depositions of Plaintiff Kevin Gary because (1) the deposition notices are untimely, (2) Defendants have not listed any facts that they intend to discuss, (3) It is an undue burden on the Plaintiff and Defendants are using this tactic for unjust delay (4) Defendants seek to harass Plaintiff as no new material facts will alter or change the outcome of the case.

Federal Rule of Civil Procedure 26(c)(1) Federal Rule of Civil Procedure 26(c)(1) provides that the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or delay." Defendants have made no showing that it acted diligently in seeking a deposition. Contrarily, the deposition came after Plaintiff filed his summary judgment motion (12 days later), and any deposition is just a delaying antic fetched with bad faith.

## IV. CONCLUSION

Plaintiffs Motion for Summary Judgment is pending!  Defendants, for their part, have submitted numerous motions in bad faith that do nothing but crowd the docket for the sole purpose of delay in this litigation.  The

Defendants arguments are not "well-grounded in fact" or warranted by law or a reasonable argument for a change of law.  . *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975)*

For these reasons, the Defendants request for extension of time and motion to adjourn should be denied, and the Court should proceed with the June 4th hearing on Plaintiffs Summary Judgment motion.

Date:  May 7th,  2018                                              Respectfully submitted


/s/Kevin A. Gary
3210 Hogarth
Detroit, MI 48206
kagary14@hotmail.com
Ph:  248-703-5173

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 7th, 2018, I electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the Defendant's Counsel listed below:

**KUIPER ORLEBEKE PC**

**Scott W. Kraemer**

**180 Monroe Avenue, NW, Ste 400**

**Grand Rapids, MI, 49503**

**Phone: 616-454-3700**

**COUNSEL FOR DEFENDANT TRUE BLUE, INC.,**

Plaintiff, Pro-Se

/s/KevinA.Gary