UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN A. GARY,

Plaintiff,

v.

TRUEBLUE, INC.,

Defendant.

_____/

Case No. 17-cv-10544

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

## ORDER GRANTING MOTION TO ADJOURN HEARING ON PLAINTIFF'S SUMMARY JUDGMENT MOTION AND EXTENDING DEFENDANT'S TIME TO RESPOND TO PLAINTIFF'S SUMMARY JUDGMENT MOTION [25]

On May 1, 2018, Defendant Trueblue, Inc. filed a Motion to Adjourn the Hearing on Plaintiff's Summary Judgment Motion and to Extend the Time to Respond to the Plaintiff's Summary Judgment Motion [25]. The motion hearing is set for June 4, 2018, and the Defendant's response to Plaintiff's summary judgment motion is due May 7, 2018. *See* Dkt. No. 20; *see also* E.D. MICH. L.R. 7.1(e)(1)(A), (B). Trueblue, Inc. first requested this relief by filing a declaration sworn by its corporate counsel, and it subsequently filed the present motion. Dkt. No. 23. The Plaintiff, Kevin Gary, opposes an adjournment and extension, as indicated in his April 27, 2018 response to the declaration and May 3, 2018 response to the motion. Dkt. Nos. 24, 26. Trueblue, Inc. responded in support of the motion on May 4, 2018. *See* Dkt. Nos. 27, 28.

The Court finds good cause to grant the Defendant's motion.  Therefore, the Court will GRANT the Motion to Adjourn the Hearing on Plaintiff's Summary Judgment Motion and to Extend the Time to Respond [25].

Trueblue Inc. is entitled to relief for two reasons.  First, as the Defendant is requesting time to depose the Plaintiff, the Federal Rules of Civil Procedure suggest that the Court should grant the Defendant's motion.  *See* FED. R. CIV. P. 56(d) (providing that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery[.]").  Indeed, Gary's testimony is essential in this Telephone Consumer Protection Act case;[1] the case turns on whether the Defendant improperly contacted Gary on his phone.

The Plaintiff opposes the Defendant's motion by vigorously arguing that no genuine dispute of material fact exists here.  But Gary's testimony, currently untaken, is critical in determining whether that assertion is true.  Gary also unpersuasively maintains that an extension is unwarranted because Trueblue Inc. has not served him with a notice of deposition under Rule 30(b) of the Federal Rules of Civil Procedure.  Yet an affidavit signed by Defense counsel's legal secretary belies Plaintiff's contention.  Dkt. No. 28, pp. 4–5 (Pg. ID 269–70).  In that affidavit, the secretary declares that she mailed a notice of deposition to Gary.  *See id.* at pp. 6–7

---

[1] *See* 47 U.S.C. § 227.

(Pg. ID 271–72).  The notice then provides that Gary must sit for a deposition on May 11, 2018.  *See id.*  Additionally, even if the notice was not mailed to him, given the importance of his testimony, the Court would still allow for additional time for the deposition to occur.

Second, and relatedly, judicial efficiency and the absence of prejudice to Gary weigh in favor of granting the adjournment and extension.  The Court agrees with Trueblue Inc. that Gary's testimony is essential under Rule 56(d).  Because Trueblue Inc. notes that it will also file a summary judgment motion, judicial efficiency supports the simultaneous adjudication of both parties' summary judgment motions.

Gary will also not suffer prejudice or undue delay with an adjournment and extension; the Scheduling Order will not change.  Specifically, the discovery cutoff is May 21, 2018 and the dispositive motion deadline is June 21, 2018.  Dkt. No. 13, p. 1 (Pg. ID 50).  Gary moved for summary judgment on April 14, 2018, more than one month before the close of discovery.  Dkt. No. 20.  Therefore, providing the Defendant with more time to respond to the Plaintiff's summary judgment motion will not unduly delay this litigation.

In light of the foregoing, the Court will GRANT the Motion to Adjourn the Hearing on Plaintiff's Summary Judgment Motion and to Extend the Time to Respond to the Plaintiff's Summary Judgment Motion [25].  First, the Court will adjourn the hearing on Plaintiff's summary judgment motion to after Thursday, June

21, 2018, i.e. after the dispositive motion deadline.  Second, Trueblue Inc. must respond to Plaintiff's summary judgment motion by the earlier of (1) **Monday, June 18, 2018**, or three weeks from the discovery cutoff date; or (2) three weeks from the date of the Plaintiff's deposition.

IT IS SO ORDERED.

Dated:  May 8, 2018                              /s/Gershwin A. Drain
                                                 GERSHWIN A. DRAIN
                                                 United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 8, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk